**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4306**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DERRELL BRUNSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:07-cr-00372-REP-1)

Submitted: October 20, 2008     Decided: November 17, 2008

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Paul G. Gill, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrell Brunson appeals his conviction after a jury trial of one count of possession with the intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2008). We affirm.

Brunson contends that the district court erred in denying his motion for a new trial, which was based on the Government's failure to turn over the inconclusive results of a field test performed on the substance taken off his person when he was arrested. We review the district court's ruling on a motion for a new trial for abuse of discretion. See United States v. Fulks, 454 F.3d 410, 431 (4th Cir. 2006).

The Due Process clause requires that the Government disclose to the defense prior to trial any impeaching or exculpatory evidence in its possession. See Giglio v. United States, 405 U.S. 150, 153-55 (1972) (requiring disclosure of evidence affecting the credibility of prosecution witnesses); Brady v. Maryland, 373 U.S. 83, 86-88 (1963) (requiring disclosure of exculpatory evidence). Due process is violated by a failure to disclose, however, only if the evidence in question: (1) is favorable to the defendant, because it is either exculpatory or impeaching; (2) was suppressed by the Government; and (3) is material in that its suppression prejudiced the defendant. See Strickler v. Greene, 527 U.S.

2

263, 281-82 (1999). Undisclosed evidence is material when its cumulative effect is such that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley, 515 U.S. 419, 433-34 (1995) (internal quotation marks omitted). A reasonable probability is one sufficient to "undermine[] confidence" in the outcome. Id. at 434.

After reviewing the record, we conclude that Brunson fails to demonstrate "a reasonable probability" that the outcome of the proceeding would have been different had the evidence been disclosed to the defense. Id. at 433-34. Though the evidence may have had limited impeachment value, its nondisclosure does not undermine confidence in the result of his trial. See id. at 434. Accordingly, the district court did not abuse its discretion in denying Brunson's motion for a new trial. We therefore affirm Brunson's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED